**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

John Starway,

Plaintiff,

v.

Civil No. 01-1929 (RHK/JMM)

**MEMORANDUM OPINION AND ORDER**

Jeffrey Zalasky, Esq.,
Erstad & Riemer, P.A.,

Defendants.

---

John Starway, pro se, for Plaintiff.

Robert E. Salmon and Erica Gutmann Strohl, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota, for Defendants.

---

## Introduction

On October 18, 2001, Plaintiff John Starway filed a Complaint in this Court alleging that Defendants Jeffrey Zalasky, Esq. and Erstad & Riemer, P.A., committed perjury in responding to discovery requests that Starway had served in an employment discrimination lawsuit he had previously brought in federal court. Before the Court is the Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] Starway did not file any brief or other materials with the Court in response to the Defendants' motion. In addition, although the Defendants' Notice of Motion and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) provided Starway with the date, time, and place of the hearing before the undersigned, Starway did not appear.



MAR 07 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAR 07 2002
DEPUTY CLERK

For the reasons set forth below, the Motion will be granted.

**Background**

On June 5, 1998, Starway sued the Saint Paul Public Schools ("the school district") in federal court, alleging national origin discrimination in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. (Complaint, Starway v. Independent Sch. Dist. No. 625, Civ. No. 98-1469 (ADM/AJB).) The school district was represented by the law firm of Erstad & Riemer, P.A. and the principal attorney appearing in the matter was Zalasky. During discovery, Starway asked for (1) the names of all other employees who, in the preceding ten years, had formally complained that the school district had subjected them to harassment or discrimination based on race or national origin, and (2) the disposition of their complaints. (Aff. of Erica Gutmann Strohl, Ex. C.) The school district objected to the interrogatory. On Starway's motion to compel discovery, Magistrate Judge Boylan ordered the school district to produce "such complaints, between the dates of January 1992 and December 1997, made or filed against the district by employees who were employed at the same schools where plaintiff taught." (Mar. 22, 2000 Order on Motion to Compel at 3-4, Starway v. Independent Sch. Dist. No. 625, Civ. No. 98-1469 (ADM/AJB).)

In light of Magistrate Judge Boylan's Order, the school district supplemented its answers to the interrogatories, identifying two individuals who had complained to the Minnesota Department of Human Rights about alleged race discrimination by the school

district. (Strohl Aff. Ex. F.) On August 11, 2000, Judge Montgomery issued a Memorandum Opinion and Order granting the school district's motion for summary judgment and dismissing Starway's complaint with prejudice. The Eighth Circuit affirmed that decision. Starway v. Independent Sch. Dist. No. 625, No. 00-3201, 2001 WL 1529729 (8th Cir. Dec. 4, 2001).

In this action, Starway alleges that the two complaints of discrimination that Zalasky and his firm identified in response to Magistrate Judge Boylan's Order were "non-significant" and misled the court and himself with respect to other discrimination cases. (Compl. ¶ 7.) Starway contends that the Defendants' conduct constitutes perjury, in violation of sections 1621 through 1623 of Title 18 of the United States Code. (Id. ¶¶ 1, 9.) In his one-count Complaint, Starway asks the Court to "find the Defendant[s] guilty" so that they may be fined under the United States Criminal Code, imprisoned for up to five years, or both. (Id. ¶ 9.)

**Analysis**

Defendants move to dismiss Starway's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[2] arguing that Starway's Complaint does not state a

---

[2] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .

claim upon which relief can be granted because he lacks standing to bring a criminal charge of perjury against the Defendants.[3] Defendants are correct. "Generally, private citizens have no authority to institute a federal criminal prosecution. . . . Criminal statutes can be enforced only by the proper authorities of the United States Government, such as United States Attorneys." Martinez v. Ensor, 958 F. Supp. 515, 518 (D. Colo. 1997) (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) and Winslow v. Romer, 759 F. Supp. 670, 673-74 (D. Colo. 1991)); see also 28 U.S.C. § 547(1) (directing the United States Attorney to prosecute federal criminal offenses). In other words, Starway is not the proper person to ask a jury to find the Defendants guilty of perjury -- the United States Attorney must do that. Because Starway lacks standing to initiate a criminal prosecution, his Complaint -- which seeks a criminal conviction -- must be dismissed.[4]

---

[3] In addition to the "Notice of Motion and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 4), Defendants also filed and served a document entitled "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 3). Despite its title, that second document is, in fact, a supporting memorandum of law, comprised of an introduction, fact section, argument section, and conclusion. In their memorandum, Defendants request an award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. As indicated on the record at the hearing, the Court concludes that, procedurally, no motion for an award of costs is before the Court at this time.

[4] Even if the Court were to read Starway's Complaint as asking for monetary damages as a result of the Defendants' alleged perjury, dismissal for failure to state a claim would still be appropriate. The perjury statutes are criminal statutes; they do not imply a civil right of action for damages. Roemer v. Crow, 993 F. Supp. 834, 837 (D. Kan.), aff'd 162 F.3d 1174 (10th Cir. 1998) (table).

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 4) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 7, 2002

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.